NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case.  A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-1118

COMMONWEALTH

vs.

TYLER BAGLINI.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

In this appeal, we affirm an order dated November 23, 2022, revoking probation and imposing sentence.

Background.  The defendant on June 30, 2021, in the New Bedford District Court, pled guilty in two cases to violating an abuse prevention order issued under G. L. c. 209A.  In both cases, the defendant received a split sentence; two years at the house of correction, with two months to serve and the balance suspended for two years, during which time he was to be on probation.  One of the conditions of his probation was that he obey all State and Federal laws.

While he was on probation, a new criminal complaint issued against the defendant in the Sturbridge District Court, charging

him with assault and battery on a household member and rape. The alleged victim in that case was a different woman from the victim in the New Bedford cases.

A probation violation notice issued alleging that the defendant had violated the criminal law. A probation violation hearing was held and the judge, relying entirely on documentary hearsay evidence, concluded by a preponderance of the evidence that the defendant had committed the new crimes, and that he had violated his probation. The defendant's probation was revoked, and the defendant was sentenced to serve the remainder of his sentences.

The judge specifically found in writing that the hearsay evidence was reliable because it was based on personal knowledge and/or direct observation, it involved observations recorded close in time to the events in question, it was provided under circumstances that support the veracity of the source, and "[i]t is factually detailed."

On appeal, the defendant argues that the hearsay evidence was not substantially reliable and that his right to confrontation was violated by its use.

Discussion. The probation officer testified, with no further explanation, that the Sturbridge police officer who wrote the police report concerning the new charges was unable to

2

be at the probation violation hearing in the New Bedford District Court. The probation officer also testified that the alleged victim in the Sturbridge case, who had signed a complaint for protection from abuse by the defendant under G. L. c. 209A, and sworn out an affidavit in support of that complaint, was "terrified" to attend the hearing, and that in any event, due to a disability, she was unable to drive there that day.

Hearsay evidence is admissible at probation violation hearings, at which strict evidentiary rules do not apply. See Commonwealth v. Durling, 407 Mass. 108, 114 (1990). Where the Commonwealth seeks to rely on hearsay in order to demonstrate a probation violation, that evidence may be admitted and relied upon in a revocation of probation proceeding if it "bears substantial indicia of reliability and is substantially trustworthy." Id. at 118. Put another way, it must be "substantially reliable." Commonwealth v. Rainey, 491 Mass. 632, 648 (2023).

The affidavit of the alleged victim in the Sturbridge case was sworn under the pains and penalties of perjury. It described the defendant refusing to leave the woman's apartment, yelling and swearing and scaring her, and hanging up her phone;

3

her trying to close her bedroom door as he chased her; and him pushing the door open and grabbing her arm.

On the first page of the complaint for protection from abuse, signed and dated by the alleged victim, she wrote that between September 27 and October 1 of 2022, and on July 28 and on June 18 of 2022, she suffered abuse when the defendant placed her in fear of imminent serious, physical harm; caused her physical harm; and caused her to engage in sexual relations by force, threat or duress. Given all the facts and circumstances, including the possible penalties for filing a false complaint and for lying under oath, both the affidavit and the signed complaint form amounted to reliable hearsay.

The police report of a Sturbridge police officer repeated the alleged victim's report, relayed to the police dispatcher, that included the fact of the assault and battery. The officer described locating the defendant outside the building where the alleged victim lived. He described the defendant telling him that the alleged victim, the defendant's ex-girlfriend, gave the defendant permission to stay on the couch. The officer then recounted his conversation with the alleged victim, who said that the defendant had recently gotten out of a facility, and she was trying to be nice by allowing him to stay at her apartment, but he became very verbally abusive and loud. The

4

alleged victim's report said that the defendant had been in her apartment for a "couple days." And then she recounted the arm-grabbing incident.

The officer described the alleged victim being given her 209A rights and described her calling him later that day to ask if she could in fact get a 209A order that day. He stated that he picked up the alleged victim and took her to the police station, where he "did the 209A paperwork with" her and stated that "while [the alleged victim] was filling out the 209A order, she advised [the officer that the defendant] also forcibly had anal sex with her on September 27, 2022." The officer described the alleged victim writing a detailed statement about the rape.

The accuracy of the officer's reporting of the portions of this police report that are nested hearsay was corroborated by the alleged victim's sworn statements in her complaint for protection from abuse and supporting affidavit. That her statements were given to a police officer also provided added reliability.

On all the facts and circumstances here, we conclude that there was no abuse of discretion or other error of law in the judge's findings and that this hearsay was sufficiently reliable to be admitted at the probation revocation hearing. Together the evidence was sufficient to support the judge's finding by a

5

preponderance of the evidence that the defendant committed the new offenses and violated his probation.

As for the defendant's confrontation claim, the confrontation clause is inapplicable to probation revocation proceedings. See Commonwealth v. Wilcox, 446 Mass. 61, 61-62 (2006). The Supreme Judicial Court has explained, though, that among the due process rights that attach to a defendant at a probation revocation hearing are the rights to "confrontation and cross-examination of adverse witnesses (unless the hearing officer specifically finds that there is good cause for not allowing confrontation or the hearsay evidence is reliable)." Id. at 66. Because the hearsay evidence here was reliable, the defendant's confrontation rights were not violated.

Order dated November 23, 2022, revoking probation and imposing sentence, affirmed.

By the Court (Rubin, Grant & Hodgens, JJ.[1]),

*Paul Little*

Clerk

Entered: July 7, 2026.

---

[1] The panelists are listed in order of seniority.